[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10147
Non-Argument Calendar

_____

D. C. Docket No. 06-00290-CV-4

ALVIN STOKES,

Plaintiff-Appellant,

versus

SAVANNAH STATE UNIVERSITY,
BOARD OF REGENTS OF THE UNIVERSITY
SYSTEM OF GEORGIA,
ARTHUR L. MONCRIEF, CARLTON BROWN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 27, 2008)

Before BIRCH, DUBINA and HILL, Circuit Judges.

PER CURIAM:

Appellant Alvin Stokes served as chief of police of the Savannah State University (SSU) police department from 2000, until his termination in April 2005. Carlton Brown was president of SSU. Arthur L. Moncrief was SSU's vice-president for business and finance, and Stokes' direct supervisor.

Stokes filed a complaint claiming that he was wrongfully terminated from his employment in violation of the First Amendment and in violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4. He claims that, when he objected to SSU's decision to place the police department building under a campus master key system, fearing that this would compromise the security of the department's computers, confidential files, criminal evidence, and weapons, he was fired.

The district court, after a *de novo* review of the record, adopted the report and recommendation of the magistrate judge that Stokes' claims were unfounded, and that summary judgment be granted in favor of SSU, *et al*. We agree.

As to the First Amendment claim, considering the master key system, Stokes was not speaking as a private citizen about a matter of public concern. He was speaking out under the auspices of his official duties. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their

2

communications from employer discipline." *See Garcetti v. Ceballos*, 126 S.Ct. 1951, 1960 (2006). This argument is therefore meritless.

As to the Georgia Whistleblower statute, Stokes' claim is time-barred by the statute of limitations. *See* O.C.G.A. § 45-1-4(e)(1) (this statute requires that suits be brought "within one year after discovering the retaliation or within three years after the retaliation, whichever is earlier"). Stokes received a letter of termination from supervisor Moncrief on April 7, 2005, stating that "I am terminating your employment . . . effective 5:00 p.m. on April 14, 2005." SSU President Brown determined that "dismissal was an appropriate and just action" and issued a final termination notice on August 10, 2005. Stokes filed suit November 14, 2006, some fifteen months later.

In the interim, Stokes appealed the termination decision to the board of regents. It affirmed the decision on November 16, 2005. Stokes argues that the one-year period begins to run from this date, not April or August 2005, but November 2005.

SSU contends that Stokes "discovered the retaliation" on April 7, 2005, when Stokes received Moncrief's letter of termination, but at the very least, no later than August 10, 2005, when SSU President Brown affirmed Moncrief's decision to terminate Stokes. We agree. *See* O.C.G.A. § 45-1-4(e)(1).

Upon careful review of the record, the briefs and the arguments of counsel on appeal, finding no error, we affirm the decision of the district court, adopting the report and recommendation of the magistrate judge, and granting summary judgment in favor of SSU, *et al.*

AFFIRMED.